IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

SADIKI GARDEN,  :
 :
           Petitioner,  :
 :
v.  : Civ. Act. No. 12-822-LPS
 :
DAVID PIERCE, Warden, and  :
ATTORNEY GENERAL OF THE  :
STATE OF DELAWARE,  :
 :
           Respondents.[1]  :

Sadiki Garden. *Pro se* Petitioner.

Elizabeth R. McFarlan, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

**MEMORANDUM OPINION**

August 11, 2015
Wilmington, Delaware

---

[1] Warden David Pierce replaced Warden Perry Phelps, an original party to this case. *See* Fed. R. Civ. P. 25(d).

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Sadiki Garden ("Petitioner"). (D.I. 1; D.I. 6) For the reasons discussed, the Court will dismiss the Petition as time-barred by the limitations period prescribed in 28 U.S.C. § 2244.

## II. BACKGROUND

In January 2000, Petitioner was indicted for numerous offenses related to the December 17, 1999 robbery of Vince Marge and Karen Hama, and the December 18, 1999 attempted robbery of John Weilbacher, Stephanie Krueck, and Denise Rhudy. *See Garden v. State*, 815 A.2d 327, 331-32 (Del. 2003). The latter attempted robbery resulted in the murder of Denise Rhudy. Petitioner's two co-defendants, Christopher Johnson and James Hollis, entered into plea agreements and testified against Petitioner during his 2001 trial. At the conclusion of the trial, a Delaware Superior jury convicted Petitioner, *inter alia*, of two counts of first degree murder for killing Denise Rhudy during the attempted robbery.[2] Following a penalty hearing, the jury found the existence of a statutory aggravator beyond a reasonable doubt and voted 10-2 in favor of life imprisonment for the intentional murder conviction (Count I) and 9-3 in favor of life imprisonment for the felony murder conviction (Count II). *See State v. Garden*, 831 A.2d 352, 353 (Del. Super. Ct. 2003), *rev'd by Garden v. State*, 844 A.2d 311 (Del. 2004). Rejecting the jury's recommendation, the Superior Court imposed the death penalty for each of the two murder convictions. *See State v. Garden*, 792 A.2d 1025 (Del. Super. Ct. 2001), *rev'd by Garden v.*

---

[2]Count I was for intentional murder and Count II was for felony murder.

1

*State*, 815 A.2d 327 (Del. 2003). Petitioner appealed; the Delaware Supreme Court affirmed his convictions, but remanded the case for the Superior Court to reconsider the death penalty sentences it had imposed for the two murder convictions. *See Garden*, 815 A.2d at 347. On remand, the Superior Court re-imposed the death penalty sentences. *See Garden*, 831 A.2d at 365. On appeal, the Delaware Supreme Court reversed Petitioner's death sentences, and directed the Superior Court to impose a sentence of life imprisonment without the possibility of probation and parole. *See Garden*, 844 A.2d at 318. On March 16, 2004, the Superior Court resentenced Petitioner to life imprisonment without the possibility of probation or parole. Petitioner did not appeal the sentence or seek certiorari review. (D.I. 13 at 4)

On December 18, 2006, Petitioner filed his first motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court denied the Rule 61 motion as meritless on January 15, 2009. *See State v. Garden*, 2009 WL 147022 (Del. Jan. 15, 2009), *vacated by Garden v. State*, 979 A.2d 1110 (Table), 2009 WL 2859183 (Del. Sept. 4, 2009). Petitioner appealed. The Delaware Supreme Court vacated the decision and remanded the case back to the Superior Court for reassignment to a different judge and directed that counsel be appointed to represent Petitioner. *See Garden*, 2009 WL 2859183, at *2. On May 16, 2011, the Superior Court denied the remanded Rule 61 motion. *See State v. Garden*, 2011 WL 1887110 (Del. Super. Ct. May 16, 2011). The Delaware Supreme Court affirmed that decision on March 1, 2012. *See Garden v. State*, 41 A.3d 429 (Table), 2012 WL 691548 (Del. Mar. 1, 2012).

Acting *pro se*, Petitioner filed the instant § 2254 Petition in June, 2012 (D.I. 1), and filed an amendment to the Petition in August, 2012. (D.I. 6) The Petition asserts five grounds for relief: (1) the Delaware state courts erred by rejecting his request to sever the charges related to

2

the events of December 17, 2000 from the charges related to the events of December 18, 2000; (2) the State improperly admitted evidence of Petitioner's "economic status" to establish a motive for the robberies, and defense counsel was ineffective for not presenting the claim to the Delaware Supreme Court on direct appeal; (3) defense counsel provided ineffective assistance by failing to request a specific jury instruction on the credibility of testifying co-conspirators; (4) defense counsel provided ineffective assistance by failing to move to sever the charge of possession of a deadly weapon by a person prohibited ("PDWPP") from the remainder of the charges he faced; and (5) defense and appellate counsel provided ineffective assistance by failing to object to the admission of the out-of-court statements of Christopher Johnson and James Hollis. The State filed an Answer, asserting that the Petition should be dismissed as time-barred or, alternatively, because the claims asserted therein are procedurally barred or meritless. (D.I. 13)

## III.     THE ONE YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996. 28 U.S.C. § 2244(d)(1). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

3

>recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

## IV.  DISCUSSION

Petitioner's § 2254 Petition, filed in 2012, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Petitioner does not allege, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Given these circumstances, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final ninety days after the state appellate court's decision. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Supreme Court affirmed Petitioner's convictions on February 13, 2004 but, in that same decision, reversed Petitioner's death sentences and remanded the case back to the Superior Court for imposition of a life sentence without the possibility of parole and probation. *See Garden*, 844 A.2d at 318. The sentence was modified to life imprisonment on March 16, 2004. Petitioner did not appeal the sentence to the Delaware Supreme Court or seek certiorari review.

4

In these circumstances, the judgment triggering AEDPA's one-year limitations period is Petitioner's resentencing that occurred on March 16, 2004. *See Cochran v. Phelps*, 600 F.Supp.2d 603, 607 (D. Del. 2009). This judgment became final on April 15, 2004, the date on which the thirty day appeal period expired. Applying the one-year limitations period to that date, Petitioner had until April 15, 2005 to timely file his Petition. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005) (holding that former Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions); Fed. R. Civ. P. 6(a)(1) (stating that day of event that triggers period is excluded when computing time periods). Petitioner, however, waited until June 22, 2012[3] to file the Petition, more than seven years after the expiration of the limitations period. Thus, his habeas Petition is untimely, unless the limitations period can statutorily or equitably tolled. *See Jones*, 195 F.3d at 158. The Court will discuss each doctrine in turn.

**A. Statutory Tolling**

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000); *Price v. Taylor*, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). Here, Petitioner's Rule 61 motion has no statutory tolling effect, because it was filed on December 18, 2006, long after AEDPA's limitations period had already expired (on April 15, 2005). As such, the Petition is time-barred, unless equitable tolling is applicable.

---

[2]Pursuant to the prison mailbox rule, the Court adopts the date on the Petition (June 22, 2012) as the date of filing. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003).

5

## B. Equitable Tolling

AEDPA's limitations period may be tolled for equitable reasons in appropriate cases. *See Holland*, 130 S.Ct. at 2560. A petitioner can only qualify for equitable tolling by demonstrating "(1) that he has been pursuing his rights diligently, *and* (2) some extraordinary circumstance stood in his way and prevented timely filing;"[4] mere excusable neglect is insufficient. *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited the equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
>
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
>
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones*, 195 F.3d at 159; *Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

Petitioner does not assert, and the Court cannot discern, any reason for his failure to file the instant Petition in a timely manner. Notably, Petitioner's Response to the State's Answer does not address the State's contention that the Petition is time-barred. To the extent Petitioner's untimely filing of the Petition was due to a lack of legal knowledge or the result of a miscalculation regarding the one-year filing period, such factors do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004). Thus, the Court concludes that the equitable tolling doctrine does not apply in this case.

---

[4]*Holland*, 130 S.Ct. at 2562.

6

Accordingly, the Court will dismiss the Petition as untimely.[5]

## V. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). A federal court denying a habeas petition on procedural grounds without reaching the underlying constitutional claims is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that Petitioner's habeas Petition does not warrant relief because it is time-barred. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

## VI. CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is **DENIED**. An appropriate Order will be entered.

---

[5]Having determined that the Petition is time-barred, the Court will not address the State's other reasons for dismissal.